# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RICHARD HOFFMAN and M&R PRINTING EQUIPMENT INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 12 C 31<br>) |
| ROBERT W. BARNES, | ) Judge Sharon Johnson Coleman<br>) |
| Defendant. | )<br>) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Richard Hoffman and his company M&R Printing Equipment Inc., filed a three Count complaint against defendant Robert Barnes, alleging defamation *per se*, violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B), based on numerous posts on two printing industry related Internet discussion forums. Barnes moves to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction and for failure to state a claim pursuant to Rule 12(b)(6). For the reasons stated below the motion is granted.

**Background**

Both Richard Hoffman and Robert Barnes work in the screen printing industry. Hoffman is the President and CEO of M&R Printing Equipment, Inc. M&R manufactures and sells screen printing equipment. Hoffman resides in Lake County, Illinois, and M&R is a Delaware corporation with its principal place of business in Glen Ellyn, Illinois. Barnes promotes and sells screen printing equipment manufactured by M&R's competitors. Barnes resides in North Carolina. Although Barnes admits to posting comments on www.digitsmith.com and

www.screenprintersopen.com, he disputes having posted under all the screen names alleged in the complaint.

**Discussion**

Rule 12(b)(2) mandates dismissal of an action against a party over whom the court lacks jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. *See, e.g., Cent. States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co.,* 440 F.3d 870, 875 (7th Cir. 2006). The court may look to affidavits and exhibits submitted by the parties to assess whether it may exercise personal jurisdiction over the defendant, resolving conflicts in the supporting material in favor of the plaintiff. *Purdue Research Foundation v. Sanofi-Synthelab, S.A.*, 338 F. 3d 773, 782 (7th Cir. 2003). When determining whether the plaintiff has met the burden of establishing jurisdiction, allegations in the complaint are taken as true unless controverted by the defendant's affidavits or exhibits. *Id.*

Hoffman is seeking relief, at least in part, under the Lanham Act. A federal court has personal jurisdiction over the defendant if either federal law or the law of Illinois authorizes service of process to Barnes. *Mobile Anesthesiologists Chicago, LLC, v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The Lanham Act does not authorize nationwide service of process, therefore this Court may exercise personal jurisdiction over Barnes only if authorized under Illinois law. *Be2LLC and be2 Holding, A.G. v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011). The Illinois long-arm statute provides for personal jurisdiction on any basis permitted by both the Illinois constitution and the United States Constitution. 735 ILCS 5/2-209(c). Although the state and federal standards for due process are not identical, there is no operative difference between the limits imposed under the Illinois constitution and the federal

constitution for exercising personal jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2003).

The *Due Process Clause of the Fourteenth Amendment* of the U.S. Constitution permits a court to exercise jurisdiction over a non-resident defendant only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 90 L.Ed. 95, 66 S.Ct. 154 (1954)(quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L.Ed. 278, 61 S.Ct. 339 (1940)). There are two types of personal jurisdiction: general and specific. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414-416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Here, Barnes does not have the kind of "continuous and systematic" contacts with Illinois that would allow this Court to exercise general personal jurisdiction over him. *See Id*. at 416. Thus, this Court will examine whether Barnes purposefully directed his activities at Illinois and the alleged injury arises out of those activities sufficient to exercise specific personal jurisdiction over Barnes. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

For allegations of intentional torts, the Supreme Court has held that constitutionally sufficient contacts can be imputed to a defendant if the alleged actions are "expressly aimed" at the forum state. *See Calder v. Jones*, 465 U.S. 783, 789090, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). In *Calder,* the Supreme Court describes three requirements for personal jurisdiction: (1) intentional conduct; (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt (i.e., that the plaintiff would be injured) in the forum state. *Tamburo v. Dworkin,* 601 F.3d 693, 704-708 (7th Cir. 2010)(citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008)). Since *Calder* courts have

struggled to define the contours of what it means for conduct to be "expressly aimed" at the forum state. Courts in this district have noted the seeming inconsistency and difficulty in applying the "expressly aimed" prong of *Calder*. *See, e.g., Mobile Anesthesiologists Chicago, LLC*, 623 F.3d at 444-47; *Tamburo,* 601 F.3d at 704-708; *Macey & Aleman v. Simmons*, 2012 U.S.Dist. LEXIS 19828 *7-13 (N.D.Ill. Feb. 15, 2012)(C.J. Holderman).

Here, the first prong and even the third prong of *Calder* are fairly easily satisfied. Hoffman alleges that Barnes posted comments on Internet forums to defame Hoffman and his company intending to diminish Hoffman's reputation and sales. The complaint further alleges that Barnes knew Hoffman would feel the brunt of his injury in Illinois since that is where Hoffman resides and where M&R Printing is located. Barnes posted a photograph of himself standing in front of the M&R Printing headquarters in Glen Ellyn, Illinois. The decisive issue here is whether Barnes "expressly aimed" his comments at the forum state. Resolution of this issue is much murkier.

Courts' application of *Calder*'s "express aiming" requirement has ranged from very broad readings, requiring only conduct that is "targeted at a plaintiff whom the defendant knows to be a resident of the forum state," *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000), to more narrow readings that require the forum state to be the "focal point of the tort." *Dudnikov,* 514 F.3d at 1074 n.9. Although the Seventh Circuit has not firmly settled on one reading or another, a review of some of the Seventh Circuit's application of Calder shows that the relationship between the allegedly tortious conduct and the forum state itself is a crucial consideration. Recently, *Wallace v. Herron*, 778 F.2d 391 (7th Cir. 1985), and *Janmark v. Reidy*, 132 F.3d 1200 (7th Cir. 1997), have been cited as representative of the tension in this Circuit over the proper reading of *Calder. See, e.g., Tamburo,* 601 F.3d at 704-708.

In *Wallace v. Herron*, 778 F.2d 391 (7th Cir. 1985), the court affirmed a dismissal of a claim for malicious prosecution for lack of personal jurisdiction. In applying *Calder*, the court stated that the key is "that the effects of an alleged intentional tort are to be assessed as part of the analysis of the defendant's relevant contacts with the forum." *Wallace*, 778 F.2d at 395. The court reasoned that the Indiana court did not have personal jurisdiction over the defendant because, unlike in *Calder* where California (the forum) was the focal point of both the story and any harm suffered, in *Wallace* the defendant's only contact with the forum were the legal papers which were served on Wallace in Indiana filed on behalf of their California clients in a California court pursuant to a California lawsuit. The defendants in *Wallace* "took no action that created the necessary connection with Indiana for them to reasonably anticipate being haled into court there." *Id.*

*Janmark v. Reidy* involved a claim of unfair competition by an Illinois shopping cart manufacturer against a California shopping cart manufacturer. *Janmark*, 132 F.3d at 1201-02. In *Janmark*, a New Jersey customer stopped buying shopping carts from the Illinois manufacturer after the defendant California shopping cart manufacturer made a threatening telephone call. *Id.* at 1202. The court held that the California manufacturer was subject to Illinois jurisdiction even though the telephone call took place in California and New Jersey because "the tort was not complete (because no injury occurred) until Janmark's customer canceled the order; the injury and thus the tort occurred in Illinois." *Id.* Thus, *Janmark* took a much broader view of *Calder* than *Wallace* by emphasizing the situs of the injury rather than the relationship between the defendant's actions and the forum state itself.

Here, Hoffman relies on *Tamburo v. Dworkin,* 601 F.3d 693 (7th Cir. 2010), to support personal jurisdiction here. Applying *Calder*, the court concluded that specific personal

5

jurisdiction existed over the Canadian and American individual defendants but not the Australian defendant on Tamburo's intentional tort claims. The court reasoned that "[t]hese defendants are alleged to have used their websites – or in the case of the Canadian defendant, blast emails to the online dogpedigree community – to defame and tortiously generate a consumer boycott against Tamburo, knowing that he lived and operated his software business in Illinois and would be injured there. Indeed, some of the messages specifically listed Tamburo's Illinois address and urged readers to harass him. This is enough for a *prima facie* case of personal jurisdiction under *Calder*'s "express aiming" test for personal jurisdiction in intentional tort cases." *Tamburo*, 601 F.3d at 697. In *Tamburo*, the court specifically recognized the tension between the court's previous applications of *Calder*. *Id.* at 704-08. Significantly, though the court found that Seventh Circuit precedent had "read *Calder* to require a forum-state injury <u>and 'something more' directed at that state</u> before jurisdiction over a defendant may be considered proper." (Emphasis added.) *Id.* at 706. The court held that "[t]ortious acts aimed at a target in the forum state and undertaken for the express purpose of causing injury there are sufficient to satisfy *Calder*'s express-aiming requirement." *Id.* at 707 (citing *Dudnikov*, "actions that 'are performed for the very purpose of having their consequences felt in the forum state' are more than sufficient to support a finding of purposeful direction under *Calder*." 514 F.3d at 1078).

In *Mobile Anesthesiologists Chicago LLC v. Anesthesia Associates of Houston Metroplex*, 623 F.3d 440 (7th Cir. 2010), the court again reiterated that 'something more' is required to establish jurisdiction than mere residence of the plaintiff. In *Mobile*, the plaintiff operated a service providing anesthesiologists to various locations in Illinois. The plaintiff sued a Texas anesthesiologist for cybersquatting based on his registration of a domain name confusingly similar to the plaintiff's registered trademark. In affirming the dismissal for lack of

personal jurisdiction in Illinois, the court reasoned that "the cases that have found express aiming have all relied on evidence beyond the plaintiff's mere residence in the forum state." *Mobile Anesthesiologists*, 623 F.3d at 447. In *Mobile*, the only contact that the defendant had with the forum was his receipt of a cease-and-desist letter sent from Illinois, which the court found insufficient to support personal jurisdiction in Illinois. *Id.*

Here, Hoffman argues that this Court has specific personal jurisdiction over Barnes because "[t]he ultimate purpose of Defendant's false and defamatory postings about Plaintiff was to injure Plaintiffs' reputations and divert sales from Plaintiffs in Illinois to the companies that Defendant represents." (Pl.'s Response Brief, Dkt. 50, p. 10). However, there is no evidence of express aiming beyond the plaintiffs' mere residence in Illinois. Barnes' comments were clearly aimed at Hoffman and M&R Printing, but the fact that they are located in Illinois is purely incidental. Hoffman's complaint touts his company, M&R Printing, as the world's largest manufacturer of screen printing equipment, which presumably means that M&R sells equipment all over the world. Although diverting sales away from M&R appears to be one of Barnes' goals, nothing in the complaint or any of the comments indicates that Barnes targeted Illinois. Barnes targeted Hoffman. The recent cases interpreting *Calder* consistently require "something more" beyond residence of the plaintiff or injury in the forum state from an alleged intentional tort. *See uBid, Inc. v. The GoDaddy Group, Inc.,* 623 F3d 421, 427 n.1 (7th Cir. 2010).

Hoffman relies on *Tamburo*, where the court found personal jurisdiction for the individual defendants, although it so found on the basis that the allegations involved both a forum-state injury and tortious conduct "specifically directed at the forum, making the forum state the focal point of the tort – at least with respect to the individual defendants." *Tamburo*,

601 F.3d at 706. The facts alleged in *Tamburo* more clearly support jurisdiction than the allegations here.

Unlike in *Tamburo*, where some of the messages and blast emails provided the plaintiff's Illinois address and urged readers to contact the plaintiff and harass him, here, there is no similar targeting of Illinois. Here, Barnes allegedly posted a variety of comments criticizing Hoffman and M&R Printing's products and sales tactics. Although the comments also encourage readers to purchase other products, there are no allegations that any actual customers were swayed by Barnes' comments or that anyone contacted Hoffman directly in Illinois. Where the defendants in *Tamburo* sought specifically to boycott and incite others to harass the plaintiff by providing his address in Illinois, Barnes' alleged statements here serve more to point out real or fabricated flaws in M&R's equipment design and sales tactics, while personally deriding Hoffman. Indeed, diverting actual sales from M&R appears to be a very secondary motive and the primary purpose of the comments appears to be a personal attack on Hoffman. Therefore, unlike cases that have found personal jurisdiction under the *Calder* analysis, here Barnes does not appear to have expressly aimed his comments at the forum.

Illinois happens to be where Hoffman resides and M&R is located. As the court in *Wallace v. Herron* stated, and the other cases referred to here have demonstrated: "We do not believe that the Supreme Court in *Calder* was saying that any plaintiff may hale any defendant into court in the plaintiff's home state, where the defendant has no contacts, merely by asserting that the defendant has committed a tort against the plaintiff." *Wallace*, 778 F.2d at 394. Even the court in *Tamburo*, which arguably took a broader view of *Calder*, held that the plaintiff must show that there is a connection "between the allegedly tortious conduct and the forum state itself." *Tamburo,* 601 F.3d at 706. Hoffman has failed to carry his burden to establish specific

personal jurisdiction over Barnes in Illinois. Accordingly, defendant's Motion to Dismiss for lack of personal jurisdiction is granted.

IT IS SO ORDERED.

Date:   March 26, 2012

Entered: _____
Sharon Johnson Coleman